UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHAWN M. TOBIN,

                     Petitioner,                          Case No. 1:11-cv-1281

v.                                                    Honorable Janet T. Neff

CHARLES D. CORWIN et al.,

                     Respondents.

_____/


## OPINION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

### Factual Allegations

Petitioner is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the West Shoreline Correctional Facility.  In 2006, he pleaded guilty to first-degree child abuse and was sentenced in Wexford County Circuit Court to a term of incarceration of 10 to 15 years.

As Respondents to this action, Petitioner names Charles D. Corwin, a judge for the 28th Circuit Court; William M. Fagerman, a prosecuting attorney; and Anthony J. Badovinac, Petitioner's court-appointed attorney for his criminal proceedings.  Petitioner alleges that Respondents are not authorized to practice law.  According to Petitioner, Respondents are merely members of a state bar association.  The bar association cannot issue licences to practice law, and associations are not, in themselves, authorized to practice law under MICH. COMP. LAWS § 450.681. To practice law, attorneys must register with the state in which they practice.  Furthermore, state attorneys, prosecuting attorneys and judges are, Petitioner argues, foreign agents as defined under 22 U.S.C. § 611, because all state and federal governments and their respective agencies are foreign agents.  As foreign agents, Respondents must fulfill the registration requirements in 22 U.S.C. § 612, which they have not done.  Petitioner further asserts that Respondents have not taken and filed oaths of office as required by 4 U.S.C. § 101-102.[1]  Consequently, Respondents lacked jurisdiction to obtain a conviction against Petitioner, and Petitioner was denied his right to equal protection and due process under the Constitution.  For relief, Petitioner seeks immediate release from prison and an order vacating all sentences imposed upon him by these non-registered, unlicensed foreign agents.

---

[1]Section 101 requires state officials to take an oath of office. 4 U.S.C. § 101.  Section 102 requires the person *administering* the oath to "record or certify" the oath of office.  4 U.S.C. § 102.

**<u>Discussion</u>**

The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A habeas petition must "state facts that point to a 'real possibility of constitutional error.'"  *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES).

As previously noted, Rule 4 permits the dismissal of petitions that raise either legally frivolous claims or factual allegations that are "palpably incredible or false."  *Carson*, 178 F.3d at 437.  Petitioner's claims lack an arguable basis in law or fact.  As a matter of public record, the attorneys involved in Petitioner's conviction were properly licensed in the State of Michigan.  Petitioner's contention that Respondents are foreign agents is patently frivolous.  If the Court were to apply 22 U.S.C. § 611 to the agents of domestic federal and state governments, the term "foreign" in foreign agent would have no meaning.[2]

Moreover, Petitioner's assertion that Respondents did not take their oaths of office under 4 U.S.C. §§ 101 and 102 is entirely unsupported.  Even assuming that Respondents have not complied with the foregoing statutes, it does not follow that the state court lacked jurisdiction to convict Petitioner or that Petitioner's conviction and sentence are invalid.  The Michigan Court of Appeals has held that the failure to file an oath of office under state law does not void a judge's authority.  *See Am. Axle & Mfg., Inc. v. Murdock*, Nos. 262786 & 265111, 2006 WL 3733887, at *6 (Mich. Ct. App. Dec. 19, 2006); *Donkers v. Livonia Police Dep't*, No. 262348, 2005 WL 3239468, at *7–9 (Mich. Ct. App. Dec. 1, 2005); *see also United States v. Conces*, 507 F.3d 1028,

---

[2]The case cited by Petitioner, *Viereck v. United States*, 318 U.S. 236 (1943), does not support his claim that all state and federal governments are foreign agents.

1041 (6th Cir. 2007) (rejecting as frivolous a claim that a federal district court judge's failure to prove his or her compliance with a federal statute concerning an oath of office deprived the court of subject matter jurisdiction over the defendant's criminal case). Moreover, the determination of whether a state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). A state court's interpretation of jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *See Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Accordingly, to the extent that Petitioner challenges the state court's jurisdiction over his criminal case, he fails to state a claim upon which federal habeas relief may be granted.

To the extent Petitioner contends that his conviction or sentence violates his right to due process or equal protection under the Constitution, he has not alleged any facts supporting this claim. In sum, Petitioner has asserted no grounds on which his conviction or sentence could be said to violate his right to equal protection or due process, or any other right afforded to him under the Constitution or federal law.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

      The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

      An Order and Judgment consistent with this Opinion will be entered.


Dated:   December 19, 2011         /s/ Janet T. Neff
                                 Janet T. Neff
                                 United States District Judge